FETT *v.* FETT.

DIVORCE—DIVISION OF PROPERTY—SUPPORT OF MINOR CHILDREN IN CUSTODY OF WIFE.

On appeal from disposition of property rights under decree of divorce for extreme and repeated cruelty to wife, arising from husband's persistence in excessive use of intoxicants and repeated assaults upon wife, award of custody of 13, 11 and 9-year old sons to wife who had no earning capacity, together with aid amounting to $5 a week until each reaches the age of 17, by way of grant to wife of income bungalow subject to restraint upon alienation until youngest child arrived at the age of 17 years, *held,* as fair and equitable as possible under circumstances, where husband's earning capacity was still a substantial one and according to his valuation he received $8,450 and she $13,625 and according to her valuation he received $8,994 and she $10,968.75 after marriage lasting 14 years, prior to which he had real estate worth $13,000.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 12, 1938. (Docket No. 69, Calendar No. 39,940.) Decided June 6, 1938.

Bill by Mary Fett against Frederick G. Fett for a divorce on grounds of extreme cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*G. F. Classon,* for plaintiff.

*Harry C. Nelson,* for defendant.

North, J.　This is a divorce case instituted by the wife in which she was granted a decree on the ground of extreme cruelty and the property rights of the parties were adjudicated. There is no appeal from the decreed divorce; but the husband, asserting that the disposition of the property rights is inequitable, has appealed from that portion of the decree.

The parties were married in 1923. Three sons were born of the marriage and at the time of the hearing they were respectively 13, 11 and 9 years of age. A separation occurred between the parties in February, 1934, and another one in January, 1935, each being followed by reconciliation; but final separation occurred in January, 1936, and the decree was signed in January, 1937. Prior to the marriage defendant had possessed an interest in real estate for which he received $13,000. During the married life the husband by his earnings and with the co-operation of his wife increased his property holdings. There is the usual disagreement as to the reasonable value of the various items of property involved in the adjustment of the rights of the respective parties to this divorce suit. The valuations which appellant would apply result in his receiving under the decree of the court property of the value of $8,450 while that given to the wife amounts to $13,625. On the other hand, accepting the valuations which plaintiff would place upon the properties, the decree of the trial court awarded to the husband

property of the value of $8,994 and to the wife $10,968.75.

A detailed review of the conflicting testimony as to the valuations placed upon the respective items of property would serve no purpose. It conclusively appears that the husband still has a substantial earning capacity, but such is not true of the wife. And further she is charged with the custody of the three infant sons until they arrive at the age of 17 years. The extent of the aid decreed by the court in this particular is $5 a week for each boy until he is 17 years old. The record convincingly discloses that notwithstanding the wife's repeated efforts to have the husband reform, he persisted in the excessive use of intoxicants and repeatedly assaulted his wife, that it has been necessary for her to call the police, and by his misconduct appellant created domestic conditions which were wholly intolerable.

Appellant's main complaint is that the ''income bungalow'' occupied by the parties and of which a portion is rented for $50 per month, was given to the wife, subject however to the limitation that she could not dispose of this property until the youngest of the children arrived at the age of 17 years. Appellant asks us to modify the decree by declaring the parties tenants in common of this homestead property subject to the noted limitation on alienation. Our consideration of the record leads to the conclusion that the trial court was entirely fair and made as equitable a disposition of the property rights as was possible under the circumstances of this case.

The decree is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.